(No. 54532.)

CALAHAN WHITE, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Keystone Steel & Wire Company, Appellant).

*Opinion filed January 21, 1982.*

Swain, Johnson & Gard, of Peoria (Timothy W. Swain and Robert W. Scott, Jr., of counsel), for appellant.

James E. Bowles, of Goldfine & Bowles, P.C., of Peoria, for appellee.

JUSTICE WARD delivered the opinion of the court:

Calahan White filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977 and 1978 Supp., ch. 48, par. 138.1 *et seq.*) for injuries allegedly arising out of and in the course of his employment with Keystone Steel & Wire Company (Keystone) in Peoria. After hearing, an arbitrator awarded him compensation for temporary total incapacity, for partial permanent loss of the use of his legs, and for necessary medical, surgical, and hospital services. The Industrial Commission, after taking further evidence, found that the claimant failed to prove that he sustained accidental injuries arising out of and in the course of employment and set aside the award of the arbitrator. The circuit court of Peoria County held that the Commission's decision was against the manifest weight of the evidence and reinstated the award. The respondent brought a direct appeal to this court under Rule 302(a). 73 Ill. 2d R. 302(a).

The claimant testified that on June 27, 1978, a wire coil which he was pulling fell from a conveyor, causing him to slip. He said that his side and back "popped." He felt a tingling sensation at the time, and his back and legs have since pained him. The claimant stated that he completed his shift and worked the next three days, although he could neither sit down nor sleep. On July 5, 1978, he was hospitalized for a week and was in traction for three days of his hospital stay. He returned to work on July 24, 1978, but had to return to the hospital three days later. A lumbar laminectomy was performed on his lower back, and he resumed work on November 9, 1978. He testified that he continues to experience pain in his back and left leg.

The claimant's foreman, Charles Duffield, testified that he could not remember whether White reported an injury to him on June 27, 1978. He testified, however, that he always notifies the company's first-aid station and summons an ambulance whenever an injury is reported.

Keystone's head nurse, Martha Thompson, testified that Keystone's medical records did not show a report of injury of the claimant on June 27, 1978. There was a nonoccupational injury notation to the effect that on July 27, 1978, White called Keystone's medical center and stated that he had been hospitalized with a pinched nerve. Another medical entry, dated July 19, 1978, indicated that White was examined by a company physician before being allowed to return to work on July 24.

On the review of the arbitrator's decision, Dr. Robert Martin, Keystone's medical director, testified before the Industrial Commission that no surgeon's report had been prepared concerning the claimant and that there would have been a report if White had reported a work-related injury.

A medical report dated July 5, 1978, by White's personal physician, Dr. Ralph E. Seward, stated that pain in White's left leg had become more severe over the preceding three weeks and that "there was no sharp episode or onset related to any injury that he knows of, no falls or no slips." This of course indicated that the claimant's physical complaints antedated June 27, 1978, the date of the alleged accident and that in fact there had not been an accident. Another report, dated July 7, 1978, made by a consulting neurologist, stated that White had suffered a sudden onset of pain three weeks earlier, indicating, too, that White's complaints existed prior to the claimed accident.

Keystone contends here that the Commission's finding that there was no injury arising out of and in the course of employment was not contrary to the manifest weight of the evidence and should have been confirmed; that in any event White failed to give proper notice of the accident and that therefore his claim is barred; and that if the circuit court was correct in reversing the Commission's decision, it should have remanded the cause to the Com-

mission to review the arbitrator's award as to the nature and extent of White's disability.

We will assume, *arguendo*, that Keystone was given proper notice of accident so that we may address Keystone's first contention.

The burden is on a claimant to prove by a preponderance of evidence that the injury arose out of and in the course of employment. It is axiomatic that it is the function of the Industrial Commission to decide questions of fact and causation, to judge the credibility of witnesses, and to resolve conflicts in medical evidence. (*O'Dette v. Industrial Com.* (1980), 79 Ill. 2d 249.) Even if a court might have drawn different inferences from the evidence, an Industrial Commission finding will not be set aside unless it is contrary to the manifest weight of the evidence. (*Azzarelli Construction Co. v. Industrial Com.* (1981), 84 Ill. 2d 262.) The claimant's contention that his injury was work related was based only on his testimony before the arbitrator. Medical reports, including one prepared by the claimant's own physician, indicate that the injury was not work related and that the claimant's complaints existed prior to the claimed accident. In light of the evidence in the record, the finding of the Industrial Commission was not against the manifest weight of the evidence, and we hold that the circuit court erred in setting the finding aside and reinstating the arbitrator's award.

In view of this holding, we need not consider the second and third contentions of Keystone.

For the reasons given, the judgment of the circuit court of Peoria County is reversed and the finding of the Commission is reinstated.

*Judgment reversed.*