(No. 57108.—

ANTONINA DIACZENKO, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (Lincoln Manufacturing Company, Appellee).

*Opinion filed March 25, 1983.*

W. Joseph Hetherington, of Lewis & Davidson, Ltd., of Chicago, for appellant.

Wiedner & McAuliffe, Ltd., of Chicago (John P. McAuliffe and Richard J. Leamy, Jr., of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

On June 30, 1975, the petitioner, Antonina Diaczenko, a 60-year-old woman who had been employed by the respondent, Lincoln Manufacturing Company, for 20 years, was working as a drill press operator when her hair was caught in the drill. Petitioner filed a claim with the Industrial Commission for the injuries she sustained in that incident. Hearings were held before an arbitrator of the Industrial Commission on December 18, 1979, and May 6, 1980. Petitioner contended that as a result of her accident on June 30, 1975, she was temporarily totally disabled from June 30, 1975, until September 8, 1975, a period of 10 weeks. She also contended that as a further result of her accident she became permanently and totally disabled as of February 17, 1976, and was entitled to compensation for medical bills in the amount of $1,638.40 which had not been paid by the respondent.

On June 9, 1980, the arbitrator filed his decision awarding petitioner 10 weeks of temporary total compensation at $100.90 per week. He also awarded 23½ weeks of compensation at $80.90 per week for 5% loss of use of each arm. The arbitrator did not award compensation for the unpaid medical expenses.

Petitioner filed a petition for review of the arbitrator's decision. The Industrial Commission affirmed the arbitrator's decision on July 22, 1981, finding that petitioner's permanent disability, if any, in excess of 5% loss of the use of each arm was not a result of the accident on June 30, 1975.

Petitioner also sought review of the Industrial Commission's decision in the circuit court of Cook County. On June 28, 1982, the circuit court confirmed the decision of the Industrial Commission. It is from this judgment that the petitioner appeals.

The sole issue that is before this court is whether the Industrial Commission's finding that petitioner's accident did not cause a permanent disability in excess of 5% loss of the use of each arm is contrary to the manifest weight of the evidence. We hold that it is not.

It is not disputed that petitioner was injured on June 30, 1975, when her hair was caught in the drill press she was operating. What is in dispute is the extent of her injuries. After the accident petitioner remained off work until September 8, 1975. During that time she was treated by her physician Dr. Walter Brodech. Dr. Brodech treated the petitioner with analgesics, muscle relaxants, a cervical collar, and moist warm compresses to the back of the neck. The petitioner complained to Dr. Brodech about dizziness and syncopal episodes or blackouts during this period.

On September 3, 1975, Dr. Brodech signed a release for petitioner to return to work. At that time, Dr. Brodech described the petitioner as "asymptomatic," without symptoms. Petitioner returned to her regular job as a drill press operator on September 8, 1975, working eight hours a day during the week and periodically five hours' overtime on Saturdays. Dr. Brodech saw the petitioner on September 13, 1975, but the record does not indicate for what reason. He also saw her on September

30, 1975, for a cold. On October 30, 1975, petitioner also saw Dr. Brodech with complaints of pain in the back of her head and neck.

The next time Dr. Brodech saw the petitioner was February 17, 1976. On that date Dr. Brodech prescribed blood pressure medication. The petitioner was complaining of a fainting episode. Petitioner testified at the hearing before the arbitrator that she had suffered other such fainting episodes from September of 1975 until February of 1976. However, there was no note in Dr. Brodech's records of such an episode and no one testified to having witnessed the petitioner suffering such an episode.

On February 18, 1976, petitioner was admitted to Illinois Masonic Hospital by Dr. Brodech. After various tests and examinations, petitioner was found to have a cerebral vascular insufficiency. Dr. Brodech testified on petitioner's behalf at the hearing before the arbitrator. Dr. Oscar Sugar, a consulting physician at Illinois Masonic Hospital, also testified in her behalf on review. Respondent did not offer any new evidence on review.

Dr. Brodech was of the opinion that the petition's vascular insufficiency was causally related to the incident of June 30, 1975.

Dr. Sugar also testified that "there might or could be a causal connection between her condition of ill-being and the accident."

Dr. William Brice Buckingham, the respondent's expert, however, was of the opposite opinion. He was of the opinion that the incident of June 30, 1975, did not cause the petitioner's vascular insufficiency. Dr. Buckingham stated, "The episode on the previous June of the previous year in my opinion could not be a precipitating, aggravating or contributing factor to the development of the symptomatology in February of the following year."

This court has consistently held that where medical

evidence is conflicting as to causation, it is within the purview of the Industrial Commission to determine which testimony is to be accepted. (*E.g., County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 18; *Illinois Valley Irrigation, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 234, 241.) Even if this court might have drawn different inferences from the evidence, an Industrial Commission finding will not be set aside unless it is contrary to the manifest weight of the evidence. *White v. Industrial Com.* (1982), 88 Ill. 2d 523, 526; *Pazara v. Industrial Com.* (1980), 81 Ill. 2d 76, 80.

The Commission could have reasonably inferred that the petitioner's present condition was not caused by the incident on June 30, 1975.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*