(No. 14815.—Judgment reversed.)

THE EVERETT HAT COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ANTHONY DUBRUL, JR., Defendant in Error.)

*Opinion filed December 19, 1922.*

WORKMEN'S COMPENSATION—*when injured employee is not entitled to compensation.* One employed to run an elevator in a building is not entitled to compensation for an injury received by being struck by a truck when he stepped from the elevator into an alley to pick up a board for his personal use.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

BULKLEY, MORE & TALLMADGE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Everett Hat Company, plaintiff in error, occupied a building several stories high in Chicago in which it carried on its business, and it was in the possession and use of all the floors except the second, which was occupied by the Orchard Fruit Products Company as its tenant. There was a freight elevator serving all the floors, and the defendant in error, Anthony DuBrul, Jr., was employed to operate the elevator. Within a few feet of the elevator there

was a door opening upon an alley running alongside of the building, and goods were delivered at the door by wagons or trucks, which drove along or backed up to the door. Goods were taken off the wagons or trucks and put on the elevator and carried to the proper floors. On April 5, 1920, a truck of the American Distilling Company came into the alley with a load of liquor in wooden cases for the Orchard Fruit Products Company. DuBrul helped the driver of the truck take the cases off, and he put them on the freight elevator with the help of an employee of the Orchard Fruit Products Company and took them up to the second floor to that company. DuBrul brought the elevator down, and the truck was being driven away when DuBrul saw a board fourteen or fifteen inches long and half an inch thick lying in the alley, and he got down into the alley and got the board. The truck backed up and struck DuBrul on the left leg, catching him between the truck and the timber running along the edge of the building. He filed an application with the Industrial Commission for compensation, and on a hearing before an arbitrator an award was made of $9 a week for 28⅚ weeks for temporary total disability and $9 per week for 105 weeks on account of permanent loss of sixty per cent of the use of the left leg. On a review by the Industrial Commission the award of the arbitrator was adopted as the decision of the commission, and on a writ of *certiorari* from the circuit court of Cook county the award was confirmed.

The argument in support of the award is founded on the fact that DuBrul had been in the habit of helping to unload trucks with the knowledge of his employer and therefore came within the doctrine of the cases where an employee is injured in doing some part of the employer's business with the knowledge, acquiescence and apparent approval of the employer, whether it is the part of the business which he was employed to do or not. (*Sunnyside Coal Co.* v. *Industrial Com.* 291 Ill. 523; *Sesser Coal Co.*

v. *Industrial Com.* 296 id. 11; *Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 303 id. 540.) The argument overlooks two elements essential to a liability which were present in those cases and are lacking in this: First, that the work of the employee was a part of the business of the employer; and second, that the accident and injury occurred while the employee was engaged in such employment. There was no evidence nor anything to indicate that helping to unload trucks was a part of the business of the Everett Hat Company. Everett J. Trout, stationary engineer at the place, hired DuBrul, and testified that his only duties were to operate the freight elevator and keep the gangway clean in front of it, and that there was no arrangement with the Orchard Fruit Products Company by which any of the Everett Hat Company's men were to help load or unload trucks. DuBrul testified that when he was hired by Trout he was not told to help unload trucks that came in with goods for the Orchard Fruit Products Company; that he asked Trout about it, and Trout said that he hired him to run the elevator; that he did not have to help them; that he could help them if he wanted to, and if he wanted to do it, it was his own business. Going down into the alley and getting the board had no connection with unloading the truck or the business of the Everett Hat Company. DuBrul testified that he saw the board lying there in the alley but did not know where it came from or how long it had been there; that he got it for himself, and some time when he had the leisure he was going to fix it for his own use. In going into the alley and getting the board for his personal use he was not engaged in the employment of the Everett Hat Company or anything incidental to it.

The award, and the judgment confirming it, do not come within any provision of the Workmen's Compensation act, and the judgment is reversed.

*Judgment reversed.*