(No. 29622.—

Public Service Company of Northern Illinois, Plaintiff in Error, *vs.* The Industrial Commission *et al.*— (Rose Alamprese, Defendant in Error.)

*Opinion filed November 20, 1946.*

Gardner, Morrow, Fowler & Merrick, and Kent J. Owens, (Walter M. Fowler, of counsel,) all of Chicago, for plaintiff in error.

Augustine J. Bowe, William J. Bowe, and John D. Casey, all of Chicago, for defendant in error.

Mr. Chief Justice Gunn delivered the opinion of the court:

Pasquale Alamprese was an employee of Public Service Company of Northern Illinois. On October 10, 1944, he received an injury resulting in his death. An application for compensation was filed by his wife and minor children, resulting in an allowance of compensation by the arbitrator

and the Industrial Commission, which was confirmed by the circuit court of Cook county. The Public Service Company of Northern Illinois petitioned for a review of this court upon the ground that the injury causing his death did not arise out of and in the course of his employment.

Alamprese was employed to grease and wash cars and check the water in the radiators and batteries and to check the tires, but he did not operate the cars outside of where he moved them around the yard. The place of business of plaintiff in error was on West Fulton street about 1300 feet west of the railroad tracks of the Chicago, Rock Island and Pacific railroad. Plaintiff in error owned and operated an ancillary garage about 500 feet west of these railroad tracks, and, approximately 650 feet east of the railroad tracks, deceased had a residence at No. 2242 Fulton street. The use put to the additional garage was to house and service cars that could not be taken care of at the main garage, and the deceased was only authorized to drive the cars from one garage to the other. His hours of work were from 4:30 P.M. until 1:30 A.M. Shortly after five o'clock P.M. deceased drove a car from the main plant to his residence at No. 2242 Fulton street, and in going there necessarily passed the extra garage and crossed the railroad tracks to reach his home. Apparently his object was to see if his children were safe, as his wife worked during the day. After being in his house a few minutes he started to take the car back to the garage on Fulton street, and, while traveling west and crossing the tracks of the Chicago, Rock Island and Pacific railroad, was struck by a train and killed.

The sole point involved in this case is whether he was killed while in the course of his employment, since the Workmen's Compensation Act requires that to recover compensation for accidental injuries or for death the injury or death must arise out of and in the course of the employment.

The contention of plaintiff in error is that going eastward from the garage, across the railroad tracks to his house and back westward to the additional garage was a deviation from the course of his employment, which resulted in the death at a time when he was not subject to the provisions of the Workmen's Compensation Act. On the contrary the defendant in error contends that the deviation was slight and, since deceased was on his way back to the garage to store the car, he was in the course of his employment when he was killed.

The question is a comparatively narrow one. We have repeatedly held that an employee injured or killed under circumstances showing he substantially deviated from the course of his duty is not compensable. In *Central Garage* v. *Industrial Com.* 286 Ill. 291, an employee was directed to take a passenger to a certain destination designated by his employer to meet a train, and, finding there was some little time to wait, the employee suggested to the passenger that they take an additional ride. While doing so the employee was killed. We held that the death did not arise out of and in the course of the employment and the award for compensation was set aside.

In *Everett Hat Co.* v. *Industrial Com.* 305 Ill. 564, an elevator operator running an elevator near a public alley saw a board lying in the alley, and leaving his position in the elevator to get the board was struck by a truck passing through the alley. We held that in going into the alley and getting the board for his personal use he was not engaged in employment, and an award allowing compensation was set aside. In *Board of Education* v. *Industrial Com.* 321 Ill. 23, on this subject we said: "The law is settled that an employee is not in the course of his employment, even though he may be in the general area of it, if he is not engaged in the particular duties for which he was employed or in any work incidental to his employment."

In the later case of *General Steel Castings Corp.* v. *Industrial Com.* 388 Ill. 66, a plant employee, after finishing his day's work, instead of leaving by a regular exit went directly across railroad tracks to save a walk, where no crossing was maintained, and was fatally injured. We held his injury and death did not arise out of and in the course of his employment, even though he had been told by a timekeeper he might enter and leave by the exit used, but no authority was given to cross the tracks.

It would seem these holdings would be conclusive against an award in this case. It is contended, however, that deceased was in the course of his employment because he was proceeding to the place where he could park and leave the automobile in which he was riding. This contention is specious. Along the same line of reasoning he might travel fifty miles eastward of the tracks, and upon returning would be going towards the place the cars would be stored, but no one could contend there was not a deviation in such instance. If he had left the car at the garage and had been killed at the same place on the way home no compensation could be awarded. (*Hinckley & Schmitt* v. *Industrial Com.* 391 Ill. 577.) Using his employer's car without authority gives no additional rights.

Respondents cite the case of *Puttkammer* v. *Industrial Com.* 371 Ill. 497. In that case the driver of a coal truck going northward saw an accident in which a small girl was left in a damaged car. He moved from his car to rescue the girl, and while doing so was struck and killed by a car also northbound. We there said that the rule is firmly established that, to be compensable, an injury resulting in death must have arisen out of and in the course of the workman's employment. But, we further held that giving aid to an injured child on the highway is just as natural and just as much to be expected from a driver of a vehicle as stopping to water horses drawing a dray, or to get

liquid refreshment for himself. As a matter of fact that case is broadly founded upon the old principle applying to deviation in marine voyages, where insurance was not voided if it was for the purpose of saving life or helping the injured and helpless. (*Perkins* v. *Augusta Insurance & Banking Co.* 10 Gray, 312, 71 Am. Dec. 654.) Clearly, no such point was here involved. In the *Puttkammer case* the employee was still actually in the line of his employment, that is, there was no deviation of the vehicle from the course it was pursuing.

In *Rainford* v. *Chicago City Railway Co.* 289 Ill. 427, the injured man was getting his lunch and was still upon the employer's premises, which has been recognized as being in the course of employment. The case of *Pressed Steel Car Co.* v. *Industrial Com.* 340 Ill. 68, is not in point, because there the injured party was driving a car in the course of his employment, in accordance with the directions of his employer, and while doing so was overcome by monoxide gas. Other cases are cited, but none of them authorize recovery where an employee makes a direct deviation from the course of his employment.

The inference seems to be left that if Alamprese had been killed while driving eastward across the tracks he would be deviating from his employment, but since he had turned around and was coming back, and was taking the car towards the place of storage, that he was in the course of his employment. To sustain this contention would be to open up a field hitherto regarded as being outside of the course of the employment. Whatever good reasons the deceased had for going to his home were not included among his duties, and when he got to a place where it became necessary for him to incur the risk of crossing a railroad track on the way back, which, except for his deviation, would not have occurred, the risk was wholly his, and he would not, during said time, be in the course of his employer's employment.

The result is that the arbitrator, the commission and the circuit court improperly allowed compensation for the death of Pasquale Alamprese while pursuing a purpose outside of the course of his employment, and, accordingly, the judgment of the circuit court of Cook county, in allowing an award, is reversed and the award of compensation for his death set aside.

*Judgment reversed and award set aside.*