(No. 38936.—

ACE PEST CONTROL, INC., Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MILDRED I. BURNS *et al.*, Appellees.)

*Opinion filed March 18, 1965.*

ROGER D. LAPAN and WILLIAM J. BACH, both of Bloomington, for appellant.

GREANIAS & OWEN, of Decatur, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a workmen's compensation proceeding instituted by Mildred Burns, to recover an award for the death of her husband who allegedly suffered a fatal injury which arose out of and in the course of his employment by Ace Pest Control, Inc. An arbitrator denied an award but on appeal the Industrial Commission reversed the arbitrator's decision and awarded compensation. The Commission's decision was confirmed by the circuit court of Woodford County and the employer now appeals directly to this court.

There is no dispute as to the facts, the sole issue being whether the deceased employee's death occurred while acting in the course of his employment. The employee, Raymond Burns, was employed as a termite control operator in and around Peoria. It appears that he also was frequently assigned to drive the employer's truck to outlying towns to make service calls. On December 8, 1962 he completed an assignment in Bloomington and started driving back toward Peoria on Route 150 as instructed by his employer. At about 5 P.M., at which time it was near dusk and the temperature was below freezing, he came upon an automobile parked by the side of the highway. He stopped to offer assistance and discovered that the immobilized automobile was occupied by Mrs. Richard Kuntz and her four young children. Mrs. Kuntz testified that "he asked me what the trouble was and I told him I had run out of gas and he asked if he could take me to the nearest service station and where it was. I said, well it would be nearer really to take me to my home which was only about two miles from there. If he would care to do that and he said he would be glad to."

Burns then proceeded to drive Mrs. Kuntz and her children to their farm house about two miles distant, during which time he drove down Route 150 toward Peoria about three quarters of a mile and then turned off onto side roads for the remainder of the trip, arriving at about 5:20 P.M. Mr. Kuntz obtained a can of gasoline and drove back to the disabled automobile in the truck with Burns. Burns got out

of the truck, and, while walking around the truck to remove the can of gasoline, he was struck and killed by a passing automobile.

The president of the employer corporation testified that he had hired Raymond Burns and was his general supervisor. He further testified that "the company had no definite policy regarding assistance to people in need of aid. It was left up pretty much to the judgment of the individual. From my own personal experience, I have assisted motorists that were stranded along the road and various other things." He also stated that the truck was a "moving billboard" due to the fact that the words "Ace Pest Control, Guaranteed Termite Control" were painted on the side of the truck.

The Workmen's Compensation Act was not intended to insure employees against all accidental injuries but only those which arise out of acts which the employee is instructed to perform by his employer; acts which he has a common law or statutory duty to perform while performing duties for his employer (*Peoria County* v. *Industrial Com.* 31 Ill.2d 562; see also, *Babington* v. *Yellow Taxi Corp.,* 250 N.Y. 14, 164 N.E. 726); or acts which the employee might be reasonably expected to perform incident to his assigned duties. *Mills* v. *Industrial Com.* 27 Ill.2d 441, 443; *Public Service Co.* v. *Industrial Com.,* 395 Ill. 238, 240; *Puttkammer* v. *Industrial Com.* 371 Ill. 497.

It is clear that in this case the deceased employee was not acting under express instructions when he stopped to render assistance to Mrs. Kuntz and her children nor was he under any statutory or common law duty to give such aid. (*Cf. Peoria County* v. *Industrial Com.* 31 Ill.2d 562, 564.) The issue thus narrows to whether the giving of such aid could have been reasonably expected or foreseen.

We are of the opinion that there was sufficient evidence to support a finding that the activities of Raymond Burns

which led to his death were such as might have been reasonably expected or foreseen by his employer. It is apparent that the employer did not prohibit its drivers from stopping to give aid to motorists in distress but instead left such decisions up to the judgment of the employee, which permits an inference that the rendering of such aid was permissive and could have been reasonably expected. Reinforcing this inference is the testimony by the president of the company that he had stopped to give aid to fellow highway travelers, presumably while in the course of his duties. Although we do not deem it necessary to find a convincing business purpose of such a corporate policy, we assume that the intended purpose of permitting such "good samaritan" acts by employees driving trucks characterized as "moving billboards" was to obtain good will.

The employer argues that the plight of Mrs. Kuntz and her children was not such as to justify Burns's assistance. At the time Burns stopped to aid Mrs. Kuntz and her family, it was almost dark and the temperature was below freezing. Although these circumstances perhaps did not present a serious emergency inviting rescue (*Puttkammer* v. *Industrial Com.* 371 Ill. 497, 505), we think that Burns could reasonably conclude that it was an appropriate situation to stop and lend a helping hand.

The employer contends further that the extent of Burns's assistance was beyond the limits of what was foreseeable. In particular, the employer argues that the deceased employee deviated from his employment when he chose to drive Mrs. Kuntz and her children to their farm house two miles from the scene of the disabled automobile. It is not necessary to determine whether or not this side trip constituted such a deviation as would preclude recovery under the Workmen's Compensation Act, since the fatal injury in this case occurred after Burns had returned to the stalled automobile which was on his original route from Bloomington to

Peoria. This case is no different than if Burns had been struck and killed at the time he originally stopped to render assistance, and as above indicated, we are of the opinion that the evidence supports the conclusion of the Industrial Commission and circuit court that such a stop was within the course of his employment.

The judgment of the circuit court of Woodford County is affirmed.

*Judgment affirmed.*