(No. 56327.—

KAREN S. ROBINSON, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (Lynn L. Krause *et al.*, Appellees).

*Opinion filed April 13, 1983.—Rehearing*
*denied May 27, 1983.*

88

Malato & Stein, P.C., of Chicago (Robert S. Minetz and Sarah S. Hirsen, of counsel), for appellant.

Matthews, Dean, Eichmeier, Simantz & Hem, P.C., of Aurora (Stuart L. Whitt and Roger Eichmeier, of counsel), for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Karen S. Robinson, failed to prove that

the automobile accident in which her husband, Walter J. Robinson, lost his life arose out of and in the course of decedent's employment by respondents, Lynn L. Krause, Thomas A. Allen, and Douglas Allen, co-partners doing business as Allendale Development Company. On review the Industrial Commission affirmed. On *certiorari* the circuit court of Kane County confirmed and petitioner appealed (87 Ill. 2d R. 302(a)).

The evidence presented at the hearing before the arbitrator showed that at the time of the accident decedent was 35 years of age and employed by respondents as a marketing director. His duties included travel between respondents' office and sites where respondents were developing new homes. After leaving the office on December 23, 1976, decedent was involved in a one-car accident, approximately two blocks from his home, and suffered injuries which resulted in his death. Petitioner testified that at approximately 5 p.m. on December 23, 1976, decedent called her from the office and told her that he would be leaving the office in a few minutes. Petitioner reminded decedent that he was supposed to take their son Christmas shopping. Decedent told her he had not forgotten, that he would pick up their son on the way to a new subdivision called Red Haw, where he was going to perform some work for respondents, and that he would then take their son Christmas shopping. On a map admitted in evidence petitioner marked the location of the sales office, the scene of the accident, and the Red Haw subdivision. Petitioner testified that the most direct route for her husband to have taken to complete the planned itinerary would be to travel from the office to their home to the Red Haw subdivision and then to the shopping mall. There was no testimony as to decedent's customary route from the office to Red Haw, but it is undisputed that the route taken when the accident occurred was not the most direct route from the office to

Red Haw.

Respondent Lynn Krause, decedent's supervisor, was called as a witness on behalf of petitioner. Mr. Krause testified that decedent's duties and responsibilities as marketing director "entailed all aspects of merchandising and selling new homes." Mr. Krause further testified that decedent's conduct in stopping by his home to pick up his son on the way to a job site did not violate any of respondents' rules. Upon questioning by the arbitrator, Mr. Krause stated that in the course of his employment decedent drove his own automobile and was paid a monthly car allowance.

Respondents presented testimony showing that on December 23, 1976, decedent left the office at approximately 12:15 p.m. to have lunch with a friend. During lunch decedent drank approximately two beers. After lunch decedent returned to the office so that he could check his telephone messages. He than left the office to attend the Christmas party of a friend's employer, a construction company. According to respondents' evidence, respondents transacted no business with this construction company. During the Christmas party decedent drank several more beers. At approximately 4:45 p.m. decedent returned to the office so that he could check his telephone messages. While at the office decedent made several telephone calls, one of which was the call to his wife.

The arbitrator concluded that decedent was on a personal mission at the time of the accident and denied petitioner's claim for compensation. On review the Commission, citing *Checker Taxi Cab Co. v. Industrial Com.* (1970), 45 Ill. 2d 4, affirmed, finding that decedent "was on a personal side trip *** and no longer in the course of his employment at the time of the accident." The Commission distinguished the cases cited by petitioner "because they deal with factual settings in which the

worker was acting under the direction or control of the employer or where the worker was a travelling salesman."

Petitioner contends that the evidence is undisputed and, citing *International Art Studios v. Industrial Com.* (1980), 83 Ill. 2d 457, *David Wexler & Co. v. Industrial Com.* (1972), 52 Ill. 2d 506, and *Urban v. Industrial Com.* (1966), 34 Ill. 2d 159, argues that decedent's death arose out of and in the course of his employment as a matter of law or, in the alternative, that the Commission's decision was against the manifest weight of the evidence. Respondents contend that the Commission's decision was not erroneous as a matter of law, or contrary to the manifest weight of the evidence, for the reason that decedent was on a personal side trip at the time of his death. They assert that the authorities relied upon by petitioner are inapplicable because decedent was neither a traveling salesman nor acting under the direction and control of his employer.

This court has on many occasions been required to consider the question whether accidental injuries sustained by an employee while away from his place of employment are compensable. In *Ace Pest Control, Inc. v. Industrial Com.* (1965), 32 Ill. 2d 386, the court said:

> "The Workmen's Compensation Act was not intended to insure employees against all accidental injuries but only those which arise out of acts which the employee is instructed to perform by his employer; acts which he has a common law or statutory duty to perform while performing duties for his employer (*Peoria County v. Industrial Com.* 31 Ill. 2d 562; see also, *Babington v. Yellow Taxi Corp.*, 250 N.Y. 14, 164 N.E. 726); or acts which the employee might be reasonably expected to perform incident to his assigned duties. *Mills v. Industrial Com.* 27 Ill. 2d 441, 443; *Public Service Co. v. Industrial Com.*, 395 Ill. 238, 240; *Puttkammer v. Industrial Com.* 371 Ill. 497." (32 Ill. 2d 386, 388.)

In *Wright v. Industrial Com.* (1975), 62 Ill. 2d 65, after

quoting from *Ace Pest Control, Inc.*, the court said:

> "Under the rationale of the third category, this court has held compensable fatal injuries suffered by traveling employees who were engaged in activities other than those they were specifically instructed to perform by their employers. The test for determining whether an injury to a traveling employee arose out of and in the course of his employment is the reasonableness of the conduct in which he was engaged and whether it might normally be anticipated or foreseen by the employer. *Wexler & Co. v. Industrial Com.* [1972], 52 Ill. 2d 506, 510; *U.S. Industries v. Industrial Com.* [1968], 40 Ill. 2d 469, 475." (62 Ill. 2d 65, 69—70.)

In *Ace Pest Control* a termite control operator was killed by a passing automobile while assisting a stranded motorist. In holding that his death arose out of and in the course of his employment the court said that the activities in which he was engaged at the time of his death "were such as might have been reasonably expected or foreseen by his employer." (32 Ill. 2d 386, 389.) In *U.S. Industries* compensation was denied on the rationale that the activity was unanticipated, unforeseeable and unreasonable, while in *Wexler* it was held that the employee's conduct was reasonably foreseeable.

The testimony shows that the least circuitous route to follow in accomplishing decedent's objective of picking up his son, visiting the houses at Red Haw and then taking his son to a shopping mall was to go first to his home, then to Red Haw and then to the mall. As previously noted, decedent's supervisor testified that his action in stopping to pick up his son on the way to the job site did not violate any of respondents' rules. There is no testimony in the record as to the extent of the deviation which resulted from his first going to his home rather than directly to Red Haw, but from the map in evidence it appears to be insubstantial. Had the accident occurred while the decedent was en route from his office directly to Red Haw there would be no question of compensability, and re-

covery should not be denied because he performed the reasonable and foreseeable act of stopping on the way to pick up his son.

We find *Checker Taxi Cab Co. v. Industrial Com.* (1970), 45 Ill. 2d 4, clearly distinguishable. In *Checker* the claimant driver was authorized to operate only in the city of Chicago and had deviated from his employment to visit a hospital outside the city. Here, the decedent had been given no instructions concerning routes he was to follow.

We hold that the decision of the Industrial Commission is contrary to the manifest weight of the evidence. There appears to be a dispute concerning the amount of benefits to which the petitioner and her children are entitled. The judgment is therefore reversed and the decision of the Industrial Commission is set aside, and the cause is remanded to the Industrial Commission with directions to award workmen's compensation in the appropriate amount.

*Judgment reversed; award set aside;*
*cause remanded, with directions.*

JUSTICE MORAN, dissenting:

I disagree with the majority's conclusion that because decedent's trip to his home to pick up his son was reasonable it therefore arose out of and in the course of his employment. The mere fact that one is an outside employee does not *ipso facto* bring all of his reasonable activities within the course of employment. "Employees whose work entails travel away from the employer's premises are held in the majority of jurisdiction [*sic*] to be within the course of their employment continuously during the trip, except when a distinct department on a personal errand is shown." 1A A. Larson, Workmen's Compensation sec. 25.00 (1982).

Picking up his son to go Christmas shopping was not in the course of the decedent's business; rather, it was part of his own personal affairs. "When an employee deviates from his business route by taking a side-trip that is clearly

identifiable as such, he is unquestionably beyond the course of his employment while going away from the business route and toward the personal objective ***." 1A A. Larson, Workmen's Compensation sec. 19.31 (1982).

The evidence showed, and both the arbitrator and the Commission found, decedent had turned off the closest, direct route to Red Haw and headed toward his home. As such, decedent was on a personal side-trip at the time of his accident and was therefore not in the course of his employment. For this reason, I would affirm the denial of compensation.

RYAN, C.J., joins in this dissent.