MARY HOFFMAN, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (The Regional Office of Education, Winnebago-Boone County, Appellant).

Second District (Industrial Commission Division)   No. 2—84—0123WC

Opinion filed September 28, 1984.—Rehearing denied November 28, 1984.

BARRY, J., dissenting.

Richard A. Berman, of Williams & McCarthy, of Rockford, for appellant.

Charles E. Anesi and Richard A. Kimnach, both of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

The claimant, Mary Hoffman, filed a claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for an injury to her right leg which allegedly arose out of and in the course of her employment with the respondent, the Regional Office of Education, Winnebago-Boone County. The arbitrator's award of benefits was re-

versed on appeal by the Industrial Commission, which found that the claimant failed to prove that she sustained accidental injuries arising out of and in the course of her employment. The circuit court of Winnebago County reversed the decision of the Commission and reinstated the award of the arbitrator. The court determined that the claimant was a traveling employee and that the Industrial Commission's decision was contrary to law. The respondent appeals.

The claimant is a registered nurse and was employed as director of health services for the respondent for approximately eight months prior to her injury. She supervised and coordinated health services at the elementary and high schools in Boone and Winnebago counties, excluding the schools within Rockford. The claimant worked from 8 a.m. to 4 p.m. On Monday and Friday she worked in the office of the Regional Superintendent in downtown Rockford. On Tuesday, Wednesday, and Thursday she serviced the schools in Boone and Winnebago counties. She was required to supply a car for the job.

The claimant testified that on May 15, 1978, she had a conversation with her supervisor, Frank Parrino, and suggested to him that a staff meeting be held at her home. She stated that she planned to have a meal and show health films and that she might need some extra seating space. Mr. Parrino testified that he authorized her to proceed with the meeting. The claimant testified that she had not set a definite date for the staff meeting, although she had discussed it with numerous health clerks.

On May 17, 1978, the date of the injury, the claimant visited the schools west and north of Rockford. After her last stop in Rockton the claimant drove to Rockford and stopped at her home. She arrived home at around 3 p.m. and collected forms mailed to her by health aides in regard to their absences. She was at home for approximately 10 minutes and then drove to the Goldblatt's department store. The store was located approximately five minutes by car from her home in the direction of the regional office. The claimant was planning to finish the day at the office after stopping at Goldblatt's.

The claimant testified that she went to Goldblatt's to buy some red soft-tipped felt pens and a picnic table and benches. The pens were not available, but she did buy the picnic table and benches. As she was walking to the loading dock where the picnic table was located she tripped over a piece of cord and fell, striking her knee on the sidewalk. The claimant was taken to a hospital, where a cast was applied, and she was discharged with crutches. She missed one day of work.

The claimant testified that her purpose for going to Goldblatt's was to buy soft-tipped red felt pens to chart the absences of the health

clerks. She stated that the respondent supplied red hard-tipped pens, but that she wanted soft-tipped Flairs. She stated that she had bought these pens before and had not sought reimbursement. June Halvorsen, the administrative assistant to Mr. Parrino, testified that red soft-tipped pens had been available in the office for over four years. However, Mrs. Halvorsen admitted that she did not specifically know whether there were any soft-tipped pens in the office on the day of the claimant's injury. The claimant testified that the picnic table and benches she bought were to be used at the staff meeting for seating. She stated that she was planning on keeping the table and benches for her own use and did not seek reimbursement from the county.

The question on appeal is whether the claimant's injury arose out of and in the course of her employment.

The respondent contends that the claimant was not a "traveling employee" as that term is used because she traveled to the same schools three days every week and not to "distant places and unknown areas." The respondent points out that, in any event, the claimant injured herself after returning to the city of Rockford. The respondent also contends that the claimant's visit to Goldblatt's was purely personal, and that therefore her injury did not arise out of her employment.

The claimant contends that she was a traveling employee and that her status does not change, whether her job takes her across town or around the world. She maintains that since Mr. Parrino authorized a staff meeting at her house, her trip to Goldblatt's was not purely personal and it was foreseeable that she would attempt to obtain additional seating and would purchase pens as necessary. The claimant further maintains that even if her trip to Goldblatt's was purely personal the sidetrip was insubstantial and she is still entitled to compensation.

■■ ■ Courts generally regard employees whose work requires them to travel away from their employer's office differently from other employees when determining whether an injury arose out of and in the course of employment. (*Wexler & Co. v. Industrial Com.* (1972), 52 Ill. 2d 506, 510, 288 N.E.2d 420, 421-22.) It is not necessary for an individual to be a traveling salesman or a company representative who covers a large geographic area in order to be considered a "traveling employee." (See *Wright v. Industrial Com.* (1975), 62 Ill. 2d 65, 338 N.E.2d 379.) In the present case, the claimant was a registered nurse and her duties required that she travel to schools outside of Rockford three days per week. We find that she was a traveling employee. The critical inquiry is whether her injury arose out of and in the course of her employment.

The supreme court has stated that not all accidental injuries are compensable. It has delineated three types of such injuries: (1) those arising out of acts which the employee is instructed to perform by his employer; (2) those arising out of acts which the employee has a statutory or common law duty to perform while performing duties for his employer; and (3) those arising out of acts which the employee might be reasonably expected to perform incident to his assigned duties. (*Ace Pest Control, Inc. v. Industrial Com.* (1965), 32 Ill. 2d 386, 205 N.E.2d 453.) It is apparent from the facts that we are dealing with the third type in the instant case. The court in *Ace Pest Control,* in holding that the injuries there were of the third type, stated that in order to be compensable they must be "such as might have been reasonably expected or foreseen by [the] employer." 32 Ill. 2d 386, 389, 205 N.E.2d 453.

Thus reasonableness and foreseeability are the touchstones of recovery. While the proposition is easy to state, its application in the reported cases has been rather uneven.

In *Ace Pest Control* compensation was awarded by the Commission and affirmed by the supreme court. The employee had stopped to render assistance to a stranded motorist and was killed in the process. There was no company policy on the matter, but it was left to the judgment of the individual employee.

In *Wexler* the Commission awarded compensation and was affirmed by the supreme court. The employee was killed in an auto accident while on a selling trip for his company. Golf clubs and fishing gear were found in the wreck; it was Memorial Day. The court held that even if the employee had been fishing or golfing, it would not be unreasonable under the circumstances.

On the other hand, in *United States Industries v. Industrial Com.* (1968), 40 Ill. 2d 469, 240 N.E.2d 637, the Commission made an award and the supreme court reversed. There, the employee, while traveling, took a midnight pleasure drive over unfamiliar, mountainous terrain and suffered injuries. The court held that such conduct was unreasonable and unforeseeable.

The cases in which the Commission has denied an award have shown no real pattern. In *Wright* the arbitrator made an award and was reversed by the Commission, which was affirmed by the circuit court. The supreme court then reversed with directions to enter an award. In that case the employee was away from home installing machinery. This duty required that he travel out of State and remain for five- to six-month periods. He was killed in an unexplained head-on car collision. The evidence was cloudy as to whether the employee was on a

mission for the employer at the time of the accident, but the court held that it was not unreasonable or unforeseeable that an employee away from home would seek some recreational activity.

In a recent decision, *Robinson v. Industrial Com.* (1983), 96 Ill. 2d 87, 449 N.E.2d 106, the Commission denied an award and was reversed by the supreme court with directions to make an award. The employee left his principal office and was on the way to a subdivision where he was to perform some work for his employer. He deviated from the route to the subdivision in order to pick up his son and take the son Christmas shopping. While on this deviation, he was involved in a fatal automobile accident. The court held that the deviation from the route was a reasonable and foreseeable act.

■ The lesson to be distilled from these authorities appears to be that when a doctrine of reasonableness and foreseeability is invoked, each case must stand or fall on its own, not only before the Commission but also before the reviewing courts.

■ In the instant case we do not believe that the acts of the claimant were reasonable or foreseeable by the respondent. There was evidence that soft-tipped pens had been available in respondent's office. There was no showing that there was any urgent and immediate necessity to obtain them on the day of the injury if none were available at the office. As to the picnic table and benches, the only evidence in the record is that claimant stated to respondent that she might need some extra seating for a meeting whose date had not yet been set. There was apparently no discussion whether such seating would be purchased, and if so, by whom, or rented, or borrowed from a neighbor.

We hold that the circuit court's finding that the claimant was a traveling employee was proper. We further hold that the Industrial Commission's finding that the injury did not arise out of and in the course of employment was not against the manifest weight of the evidence and the circuit court's reversal of that finding was erroneous.

Therefore, the decision of the circuit court of Winnebago County is reversed and the order of the Industrial Commission is confirmed.

Circuit court reversed; Industrial Commission confirmed.

SEIDENFELD, P.J., and McNAMARA and KASSERMAN, JJ., concur.

JUSTICE BARRY, dissenting:

I disagree with the majority's conclusion that the activities of the claimant, a traveling employee, were not reasonable and foreseeable

and therefore did not arise out of and in the course of her employment. Based on *Robinson v. Industrial Com.* (1983), 96 Ill. 2d 87, 449 N.E.2d 106, the most recent Illinois Supreme Court decision regarding traveling employees, I would hold that the activities of the claimant were both reasonable and foreseeable.

In *Robinson,* the marketing director for a development company was required to travel between his employer's office and sites where the employer was developing new homes. He had been given no instructions regarding routes he was to follow. At approximately 5 p.m. on the day in question he left the sales office to go to a new subdivision. He had planned to stop at home to pick up his son, whom he was going to take Christmas shopping after stopping at the subdivision. However, after leaving work he was killed in a one-car accident approximately two blocks from his home. It was undisputed that the route taken when the accident occurred was not the most direct route from the office to the subdivision.

The arbitrator concluded that the decedent was on a personal mission when the accident occurred and denied compensation. The Industrial Commission affirmed, and on *certiorari* the circuit court confirmed. On review, the supreme court reversed. It stated that the accident would have been compensable had it happened while the decedent was traveling directly from the office to the subdivision and so recovery should not be denied simply "because he performed the reasonable act of stopping on the way to pick up his son."

If picking up a family member to go Christmas shopping is reasonable and foreseeable conduct, then I would find that going to the store to buy pens and a picnic table and benches is also reasonable and foreseeable conduct.

The majority states that it was neither reasonable nor foreseeable that the claimant would stop at a store to buy pens. The sole basis the majority provides for this conclusion is that there was no "urgent and immediate" need for the claimant to obtain the pens on the day of her injury, even if none were available at the office. That is irrelevant. The claimant testified that while the respondent supplied red hard-tipped pens, she wanted a soft-tipped Flair. Mrs. Halverson admitted she did not know whether there were any soft-tipped pens in the office on the day of the claimant's injury. Since the pens were not available and the claimant needed them for a chart, it was reasonable and foreseeable that she would stop to purchase them either on her way to the schools, or on her drive back to the office, as here after stopping by her home to pick up business mail. Her attempt to purchase the pens should not be rendered unreasonable and unforeseeable simply because the major-

ity assumes there was no urgent and immediate need to buy them.

The majority also states that it was not reasonable and foreseeable that the claimant would attempt to obtain additional seating. It reaches this conclusion because the claimant told her supervisor that she "might" need some extra seating, but did not discuss whether it would be bought, rented, or borrowed, and if so, by whom. That is also irrelevant. The claimant knew that the staff meeting, which was to be attended by the 14 health aides that she supervised, might require some extra seating and she told her supervisor so. It can hardly be said it was unreasonable and unforeseeable for the claimant to then go out and obtain additional seating. In addition, while a specific date had not been set for the meeting, it was to be held, and the claimant discussed it with numerous health aides prior to the day she was injured.

Even assuming, and I do not, that the claimant's trip to Goldblatt's had no business-related purpose whatsoever, the result should not change. The test is whether the claimant's conduct was reasonable and whether it might normally be anticipated or foreseen by the respondent. A business-related purpose is not included as part of the test and was not required by the supreme court in *Robinson,* in which there was no apparent business purpose associated with the decedent's conduct.

The majority states that each case must stand or fall on its own. Here, due to the nature of her job, the claimant was necessarily given a certain degree of discretion as she traveled to and from the Rockford office. For example, since she was required to supply a car for the job, it would be reasonable and foreseeable that she would stop at a service station for gas on the way to the schools or on her drive back to the office. There are undoubtedly instances in which all would agree that a traveling employee's conduct was not reasonable or foreseeable. This simply is not one of them. I suggest that the conduct of the claimant in the case at bar was at least as reasonable as that of the decedent in *Robinson,* if not more so.

In my view, the majority has improperly substituted its opinion for that of the arbitrator and the circuit court. I would hold, as does the majority, that the circuit court properly found as a matter of law that the claimant was a traveling employee. I would further hold that the Industrial Commission's finding that the claimant's injury did not arise out of and in the course of her employment was against the manifest weight of the evidence.