956 N.E.2d 543 (2011)
353 Ill. Dec. 681
David JOHNSON, Appellee,
v.
The ILLINOIS WORKERS' COMPENSATION COMMISSION, et al., (Sheriff of Will County and Will County, Illinois, Appellants).
No. 2-10-0418 WC.
Appellate Court of Illinois, Second District, Workers' Compensation Commission Division.
August 15, 2011.
*544 Joshua G. Vincent, Peter H. Carlson, Christine L. Olson McTigue, Hinshaw & Culbertson LLP, Chicago, for Sheriff of Will County, Will County, Illinois.
Illinois Workers' Compensation Commission (Mitch Weisz, Chairman), Chicago, for Illinois Workers' Compensation Commission.
Ivan M. Rittenberg, Rittenberg Buffern & Gulbrandsen, Ltd., Chicago, for David Johnson.

OPINION
Justice HOFFMAN delivered the judgment of the court, with opinion.
¶ 1 Will County and its sheriff appeal from an order of the Circuit Court of Du Page County which reversed a decision of the Illinois Workers' Compensation Commission (Commission), denying the claimant, David Johnson, benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 et seq. (West 2006)) for injuries he received as a result of a vehicular collision on July 20, 2007. For the reasons which follow, we affirm the judgment of the circuit court and remand this matter back to the Commission.
¶ 2 The following factual recitation is taken from the evidence presented at the arbitration hearing on January 28, 2008.
¶ 3 Will County, Illinois, is geographically divided into several community-oriented-policing service areas (COPSA), which establish the Will County Sheriff's (Sheriff) patrol zones within the county. The northwest COPSA is one of these patrol zones, and that zone is subdivided into three areas identified as the north 50, the north 60, and the north 70.
¶ 4 At all times relevant, the claimant was employed as a Will County deputy sheriff and had been so employed for approximately 19 years. He was assigned to patrol the north 50 area of the northwest COPSA from 11 p.m. on July 19, 2007, until 7 a.m. on July 20, 2007. According to the claimant, although he was assigned to the north 50 area and responsible for the reports relating to services rendered in that area, he was allowed to patrol the entire northwest COPSA. Ordinarily, three deputy sheriffs are responsible for patrolling the entire northwest COPSA. However, due to the reassignment of a deputy sheriff to another COPSA, only the claimant and another deputy were assigned to the entire northwest COPSA from 11 p.m. on July 19, 2007, until 7 a.m. on July 20, 2007.
¶ 5 In the early morning hours of July 20, 2007, the claimant left his assigned *545 patrol area in Will County and drove into Du Page County to perform a personal errand. The claimant admitted that he drove his Will County Sheriff's patrol car outside of his assigned patrol zone to collect his personal mail at a post office located in Du Page County, approximately three miles from the Will County border. The claimant did not request permission to leave his patrol zone, nor did he notify the dispatcher that he had traveled outside of Will County. Although the claimant stated that it was not unusual for deputy sheriffs to leave Will County to perform personal errands, he admitted that he should have requested permission before leaving his assigned patrol area.
¶ 6 The claimant testified that, as he was exiting the post office after completing his personal business, he received a radio assignment to assist deputy Stephen Kirsch, who had undertaken a traffic stop in the claimant's assigned patrol zone. Deputy Kirsch had notified the dispatcher that he had arrested an intoxicated driver and impounded the driver's vehicle, and that he needed assistance in transporting a passenger in the impounded vehicle to another location. Pamela Schmidt, the dispatcher, testified that an assignment from a dispatcher is considered an order from the Sheriff that must be obeyed.
¶ 7 The claimant acknowledged the radio assignment and proceeded to deputy Kirsch's location, traveling in excess of the posted speed limit from the time that he received the assignment. However, he never notified the dispatcher that he was outside of his assigned patrol area. As the claimant was driving to the assigned location, deputy Kirsch contacted him over a car-to-car radio frequency and inquired as to the claimant's estimated time of arrival. The claimant admitted that he told deputy Kirsch that he would arrive in 3 to 5 minutes when he was actually 10 to 15 minutes away from his location. According to the claimant, he did not believe that deputy Kirsch was in any danger as Kirsch had not requested emergency assistance. Schmidt testified that she would have assigned another deputy to assist deputy Kirsch if she had known that the claimant was outside of his assigned area.
¶ 8 As the claimant was traveling to deputy Kirsch's location, he was involved in a motor-vehicle accident in the intersection of Route 59 and 75th Street, which is located in Du Page County, approximately 1 ½ miles from the Will County border and 20 miles from the place where Kirsch was waiting. The claimant testified that he entered the intersection against the traffic signal, traveling 25 to 30 miles per hour with his emergency flashers activated, and was struck in the passenger's side of his patrol car by a vehicle traveling approximately 60 miles per hour. According to the claimant, his patrol car was pushed across the road and came to rest in an adjoining field. The claimant notified the dispatcher that he had been involved in an accident and requested an ambulance for himself. He acknowledged that the dispatcher was not aware of his true location until he reported the collision.
¶ 9 As a result of the accident, the claimant sustained a transverse fracture of the left distal radius, a large scalp hematoma, numerous abrasions and a laceration on the right arm, bruising, an abdominal herniation, and contusions of the sternum, ribs, left knee, and left ankle. Following a period of convalescence, the claimant returned to full work duties as a deputy sheriff on September 11, 2007.
¶ 10 The claimant testified that he was suspended from duty without pay for a period of eight days as a consequence of his having left his assigned post without permission. He admitted that it was important for the dispatcher to know a deputy's *546 location in case of an emergency and that the dispatcher would presume that a deputy was patrolling within his assigned COPSA, unless notified otherwise. He did state, however, that deputies were not required to notify the dispatcher when leaving their assigned patrol zone so long as they remained within their assigned COPSA. Schmidt acknowledged that deputies are not restricted from traveling outside of their assigned zones, but they are generally required to stay in close proximity.
¶ 11 Patrick Maher, the chief deputy of the Sheriffs Enforcement Division, testified that deputies are required to receive permission from the dispatcher before leaving the county. He stated that the claimant violated the department's rules and regulations when he left his assigned patrol zone and ventured into Du Page County without permission. He admitted, however, that the dispatcher ordered the claimant to assist Kirsch, that the claimant was on duty when he was involved in the motor-vehicle accident on July 20, 2007, and that he was operating a Will County vehicle.
¶ 12 Following the arbitration hearing, the arbitrator issued a decision in which she found that the claimant had sustained accidental injuries on July 20, 2007, arising out of and in the course of his employment as a Will County deputy sheriff. The arbitrator awarded the claimant temporary total disability benefits under the Act for the 7 4/7-week period from July 21, 2007, through September 11, 2007; permanent partial disability benefits for a period of 60.6 weeks under sections 8(d)(2) and 8(e) of the Act (820 ILCS 305/8(d)(2), (e) (West 2006)); and ordered the Sheriff to pay $18,815.55 for reasonable and necessary medical care rendered to the claimant and to reimburse him for $2,636 in medical co-payments. The arbitrator denied the claimant's request for penalties and attorney fees, based upon a "somewhat reasonable basis for which to dispute the accidental injury due to the temporary deviation issue."
¶ 13 The claimant along with Will County and the Sheriff sought a review of the arbitrator's decision before the Commission. The Commission, with one commissioner dissenting, reversed the arbitrator's decision awarding the claimant benefits under the Act, finding that he failed to prove that he sustained accidental injuries arising out of and in the course of employment. The Commission specifically found that the claimant was engaged in a personal deviation at the time of his accident and that the accident resulted from the claimant's misconduct. As a consequence, the Commission denied the claimant any benefits under the Act.
¶ 14 The claimant sought a judicial review of the Commission's decision in the Circuit Court of Du Page County. The circuit court reversed the Commission's decision and remanded the matter to the Commission with instructions to reinstate the benefits awarded by the arbitrator. The circuit court found that the claimant's deviation from his duties ended when he received and responded to the dispatcher's assignment to assist deputy Kirsch. This appeal followed.
¶ 15 In urging reversal of the circuit court's order, Will County and the Sheriff argue that the Commission correctly determined that the claimant failed to prove that his injuries arose out of and in the course of his employment. They contend that, at the time of his injury, the claimant was both engaged in a personal deviation from his employment and acting in violation of the rules of his employment. However, before addressing the merits of this appeal, we must first determine the appropriate standard of review.
*547 ¶ 16 Will County and the Sheriff urge us to apply a "clearly erroneous" standard of review, contending that the issues involved present mixed questions of law and fact. The claimant argues that the appropriate standard of review is de novo.
¶ 17 We apply a manifest weight standard when reviewing factual findings of the Commission. Parro v. Industrial Comm'n, 260 Ill.App.3d 551, 554, 196 Ill. Dec. 695, 630 N.E.2d 860 (1993). Commission rulings on questions of law are reviewed de novo. Lenny Szarek, Inc. v. Illinois Workers' Compensation Comm'n, 396 Ill.App.3d 597, 603, 335 Ill.Dec. 522, 919 N.E.2d 43 (2009). We also apply a de novo standard of review when the facts essential to our analysis are undisputed and susceptible to but a single inference, and our review only involves an application of the law to those undisputed facts. Uphold v. Illinois Workers' Compensation Comm'n, 385 Ill.App.3d 567, 571-72, 324 Ill.Dec. 752, 896 N.E.2d 828 (2008).
¶ 18 In City of Belvidere v. Illinois State Labor Relations Board, 181 Ill.2d 191, 204-05, 229 Ill.Dec. 522, 692 N.E.2d 295 (1998), our supreme court first recognized a clearly erroneous standard applicable to the review of an administrative agency's decision involving a mixed question of law and fact. However, the supreme court has never applied this standard to an appeal involving a decision of the Workers' Compensation Commission. In the case of Saunders v. Industrial Comm'n, 189 Ill.2d 623, 244 Ill.Dec. 948, 727 N.E.2d 247 (2000), decided two years after City of Belvidere and, as in this case, involving a decision of the Commission finding that the claimant failed to prove that his injuries arose out of and in the course of his employment, the supreme court applied a manifest weight standard. Saunders, 189 Ill.2d at 631-32, 244 Ill.Dec. 948, 727 N.E.2d 247; but see Dodaro v. Illinois Workers' Compensation Comm'n, 403 Ill. App.3d 538, 543-45, 351 Ill.Dec. 100, 950 N.E.2d 256 (2010).
¶ 19 The parties appear to concede in their briefs that the facts of this case are undisputed. Our analysis leads us to conclude that those undisputed facts are susceptible of but a single inference. Our task, therefore, only involves an application of the law to those undisputed facts, and as a consequence, we review the case de novo. Uphold, 385 Ill.App.3d at 571-72, 324 Ill.Dec. 752, 896 N.E.2d 828.
¶ 20 We turn now to the merits of this appeal. An employee's injury is compensable under the Act only if it arises out of and in the course of the employment. 820 ILCS 305/2 (West 2006). Both elements must be present at the time of the claimant's injury in order to justify compensation. Illinois Bell Telephone Co. v. Industrial Comm'n, 131 Ill.2d 478, 483, 137 Ill.Dec. 658, 546 N.E.2d 603 (1989). "Arising out of the employment" refers to the origin or cause of the claimant's injury. As the supreme court held in Caterpillar Tractor Co. v. Industrial Comm'n, 129 Ill.2d 52, 58, 133 Ill.Dec. 454, 541 N.E.2d 665 (1989):
"For an injury to `arise out of the employment its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury. [Citations.] Typically, an injury arises out of one's employment if, at the time of the occurrence, the employee was performing acts he was instructed to perform by his employer, acts which he had a common law or statutory duty to perform, or acts which the employee might reasonably be expected to perform incident to his assigned duties. [Citation.] A risk is incidental to the employment where it belongs to or is connected with what an *548 employee has to do in fulfilling his duties. [Citations.]"
¶ 21 "In the course of the employment" refers to the time, place, and circumstances under which the claimant is injured. Scheffler Greenhouses, Inc. v. Industrial Comm'n, 66 Ill.2d 361, 366, 5 Ill. Dec. 854, 362 N.E.2d 325 (1977). Injuries sustained on an employer's premises, or at a place where the claimant might reasonably have been while performing his duties, and while a claimant is at work, or within a reasonable time before and after work, are generally deemed to have been received in the course of the employment. Caterpillar Tractor Co., 129 Ill.2d at 57, 133 Ill.Dec. 454, 541 N.E.2d 665; Wise v. Industrial Comm'n, 54 Ill.2d 138, 142, 295 N.E.2d 459 (1973).
¶ 22 It is undisputed that, at the time of the vehicular collision resulting in his injuries, the claimant was responding to a radio assignment from dispatcher Schmidt, instructing the claimant to assist deputy Kirsch. Schmidt testified without contradiction that an assignment from a dispatcher is considered to be an order from the Sheriff that must be obeyed. It follows, therefore, that the claimant's injuries arose out of his employment as they were sustained while he was performing acts he was instructed to perform by his employer; namely, driving his patrol car to assist deputy Kirsch.
¶ 23 The question remains, however, whether the claimant was injured in the course of his employment. Will County and the Sheriff first argue that the claimant was engaged in a personal deviation that broke the causal connection between his employment and his injuries. See Archer Daniels Midland Co. v. Industrial Comm'n, 91 Ill.2d 210, 215, 62 Ill.Dec. 921, 437 N.E.2d 609 (1982). They correctly assert that the claimant left his assigned post in Will County, without permission, to run a personal errand in Du Page County. They conclude, therefore, that the claimant's injuries were not sustained in the course of his employment because, except for his personal deviation, he would not have been driving through the intersection of Route 59 and 75th Street in Du Page County where he was injured. See Checker Taxi Cab Co. v. Industrial Comm'n, 45 Ill.2d 4, 6-7, 256 N.E.2d 828 (1970); Public Service Co. of Northern Illinois v. Industrial Comm'n, 395 Ill. 238, 242, 69 N.E.2d 875 (1946).
¶ 24 Generally speaking, a deviation for purely personal reasons takes an employee out of the course of his employment. And in this case, there is no question that, prior to having received the radio assignment to assist deputy Kirsch, the claimant was engaged in a purely personal deviation which took him into Du Page County. The question remains, however, whether, at the time of his injury, the claimant had completed his deviation and resumed a course of conduct related to the business to his employer such that he could be said to have been in the course of his employment.
¶ 25 We find Checker Taxi Cab Co. and Public Service Co. of Northern Illinois, upon which Will County and the Sheriff rely, to be clearly distinguishable. In neither case was the employer exercising any control over the employee at the time of injury, and the risk in which the employee's injuries had their origin was not connected with the employment in any manner. County of Peoria v. Industrial Comm'n, 31 Ill.2d 562, 565, 202 N.E.2d 504 (1964). In contrast, the claimant in this case received instructions from his dispatcher, prior to his injuries, directing him to proceed to a specific location and assist a co-employee, and he was involved in the accident while in route to that location. We are of the opinion, therefore, that the only reasonable conclusion that can be *549 drawn from the facts of this case is that, at the time of his injury, the claimant was no longer embarked upon a personal deviation from his employer's business but was acting in the course of his employment.
¶ 26 As noted earlier, Will County and the Sheriff also argue that the claimant is not entitled to any recovery because he acted in violation of the rules of his employment when he left Will County and his duty post without permission. They assert that the claimant incurred a danger of his own choosing by concealing his whereabouts from his dispatcher and by speeding back to Will County after receiving an assignment to assist deputy Kirsch. The decisive issue, however, is whether the claimant was, at the time of his accident, still acting within the sphere of his employment, notwithstanding the fact that he may have been in violation of the rules of his employment. J.S. Masonry, Inc. v. Industrial Comm'n, 369 Ill.App.3d 591, 597, 308 Ill.Dec. 137, 861 N.E.2d 202 (2006).
¶ 27 Our supreme court in Saunders v. Industrial Comm'n, 189 Ill.2d 623, 633, 244 Ill.Dec. 948, 727 N.E.2d 247 (2000), reaffirmed the proposition that:
"If an employee is acting within the sphere of his employment, doing the work he is employed to do, he is entitled to compensation even if he is guilty of violating work rules. Heyman Distributing Co. v. Industrial Comm'n, 376 Ill. 90, 92-93 [32 N.E.2d 894] (1941). `[I]t does not matter in the slightest degree how many orders the employee disobeys or how bad his conduct may have been * * *.' Republic Iron & Steel Co. v. Industrial Comm'n, 302 Ill. 401, 406 [134 N.E. 754] (1922)."
An employee is acting within the sphere of his employment when he is "performing the errand that he was directed to perform, and this errand was a part of his employment or an incident of it." Republic Iron & Steel Co., 302 Ill. at 406, 134 N.E. 754.
¶ 28 In this case, it is undisputed that, at the time of his injury, the claimant was a deputy sheriff, driving a Will County Sheriffs patrol car, and responding to an assignment from his dispatcher to assist another deputy sheriff. The only reasonable conclusion that can be drawn from these facts is that, at the time of his injury, the claimant was acting within the sphere of his employment and that his injuries arose out of and in the course of his employment.
¶ 29 The foregoing analysis leads us to find that the Commission erroneously concluded that the claimant did not sustain injuries that arose out of and in the course of his employment. Consequently, we affirm the judgment of the circuit court reversing the Commission's decision and remanding the matter back to the Commission with instructions to reinstate the benefits awarded by the arbitrator.
¶ 30 Affirmed and remanded to the Commission.
Justices HOLDRIDGE and STEWART concurred in the judgment and the opinion.
Presiding Justice McCULLOUGH dissented, with opinion, joined by Justice HUDSON.
¶ 31 Presiding Justice McCULLOUGH, dissenting:
¶ 32 I respectfully dissent. The majority is simply substituting its fact-finding prerogative for that of the Commission.
¶ 33 It is clear from a reading of the Commission's decision and the majority's holding that the Commission's decision should be reinstated.
¶ 34 The following are findings in the Commission's decision:

*550 "During his shift, Petitioner left Will County to travel to a post office located about three miles outside the county line on Ogden Avenue in Naperville. Petitioner went to the post office to collect his personal mail. Petitioner did not ask permission to leave the county.
[Claimant received a telephone call to assist another deputy.] * * *
Without informing dispatch that he was outside of his assigned patrol area, Petitioner acknowledged the communication and proceeded to Deputy Kirsch's location. Deputy Kirsch contacted Petitioner over the car-to-car frequency to ascertain an estimated time of arrival. Petitioner informed Deputy Kirsch that he would arrive in three to five minutes. However, in reality, Petitioner was ten to fifteen minutes away from Deputy Kirsch's location.
* * *
Respondent disciplined Petitioner for leaving Will County without permission. Chief Deputy Pat Maher testified that when Petitioner left his patrol area without permission, he adversely impacted the policing in the northwest area of Will County.
* * *
The Commission also finds that the accident arose out of Petitioner's own misconduct, rather than his employment. Pursuant to Section 25 of Respondent's code of conduct, Petitioner was prohibited from leaving his assigned patrol area without securing permission from his supervisor. Petitioner violated this work rule when he left his assigned patrol area without permission. If an officer is outside of his patrol area when he receives an assignment from dispatch, he is expected to inform dispatch of his location so dispatch can assign another officer to the call. However, when Officer Schmidt assigned Petitioner to assist Deputy Kirsch, Petitioner failed to inform her of his actual location. Finally, when Deputy Kirsch contacted Petitioner to request his estimated time of arrival, Petitioner falsely told Deputy Kirsch that he would arrive on the scene within three to five minutes. In reality, Petitioner was fifteen minutes away. The Commission finds that Petitioner exceeded the speed limit when proceeding through the intersection of Route 59 and 75th Street against the light in an attempt to arrive at Deputy Kirsch's location quickly enough to cover his own misconduct."
¶ 35 As the majority states, "an employee's injury is compensable under the Act only if it arises out of and in the course of employment. 820 ILCS 305/2 (West 2006)." Supra ¶ 20.
¶ 36 Will County and the Sheriff are correct. Claimant was engaged in a personal deviation that broke the causal connection between his employment and his injuries.