(No. 44566.—

DAVID WEXLER AND COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Steven R. Bloch, Special Admr. of the Estate of Thomas Edgar Herrman, Jr., *et al.*, Appellees.)

*Opinion filed October 2, 1972.*

GANAN, BOTON & SHAPIRO, of Chicago (JAY M. SHAPIRO, of counsel), for appellant.

WHITE, LIPP, SIMON and POWERS, of Omaha (JOHN J. POWERS, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The question on this appeal from the circuit court of Cook County is whether the accident in which Thomas E. Herrman, Jr., lost his life arose out of and was in the course of his employment.

As of May 1967 the decedent, who lived in Aurora, Colorado, had been employed by David Wexler and Company, a Chicago distributor of musical materials, for six or seven years as a traveling sales representative for Colorado, Kansas and Nebraska. He was fatally injured in

Omaha, Nebraska, when a runaway truck struck his station wagon at about 6:30 P.M. on Memorial Day, May 30, 1967. He had made sales calls in Omaha on Monday, May 29, and had calls to make on May 31 before he would move on to Lincoln, Nebraska. It appears that the preceding week he had made sales visits at various places in Nebraska. At the time of the accident the decedent was wearing a short-sleeved sport shirt and there were golf clubs and fishing equipment in the station wagon. Herrman had left the motel at which he was staying five or six hours before the accident and the employer argued there was no evidence to show where he had been during that period. When the truck struck his wagon he was driving in the direction of his motel on the street where it was located.

In May, 1968, Betty Herrman, the widow of the decedent, brought an action under the provisions of the Illinois Workmen's Compensation Act (Ill.Rev.Stat. 1969, ch. 48, par. 138.1 *et seq.*) in her own behalf and in behalf of her five children. An arbitrator decided after a hearing that the petitioner had failed to prove that the fatal injuries of the decedent arose out of and were received in the course of his employment, but the Industrial Commission set aside that decision and made an award in favor of the petitioner. The award was affirmed by the circuit court.

On this appeal the employer points out that the burden of proof was on the petitioner to show that the accident arose out of and was in the course of the decedent's employment and argues that the award of the Industrial Commission was improperly based upon conjecture. It is said that the findings of the Commission were contrary to the manifest weight of the evidence and must be set aside.

It has become axiomatic that it is the province of the Industrial Commission to determine questions of fact and that a court's role is confined to a determination of whether the findings of the Commission are contrary to

the manifest weight of the evidence. *Gould v. Industrial Com., 40 Ill.2d 548.*

The record shows that an evidence deposition of Andrew McClanahan, the manager of the motel in which the decedent had stayed, was taken before a notary in Omaha by the petitioner. He testified that he was acquainted with Herrman, who had been a guest on several occasions. The witness testified that on Memorial Day the decedent and he had lunched in his office and that the decedent then told him that he had an appointment downtown and was going to meet his appointment. The record shows that at the deposition counsel for the employer objected to parts of the testimony on the ground that it was hearsay and that "also you have a problem here with the dead man's rule." There was, however, no objection made before the arbitrator when the depositions were offered in evidence, as might have been made under Supreme Court Rule 211(c)(1). (50 Ill.2d R. 211.) The transcript of proceedings before the arbitrator shows that the employer agreed to the admission of the depositions in evidence. The employer properly does not seek to complain here, for such complaint could not be made for the first time on appeal. (*Village of Northbrook v. Steerup, 16 Ill.2d 530.*) On cross-examination the witness testified that the decedent stated that his appointment downtown was for business purposes and was not a golfing appointment, and that he "took it to mean his [Herrman's] appointment was with a music store."

We judge that the findings of the Commission were not contrary to the manifest weight of the evidence. There is no necessity, under the circumstances, of our considering the merit or want of merit of the inadequately preserved objections. We would note, though, that holdings discussed in McCormick on Evidence (1954), sec. 295, might have resolved the hearsay question adversely to the employer's position.

Apart from this testimony from which it might have

been concluded by the Commission that the decedent was directly engaged in his employer's business on May 30, we consider that the death of the decedent must be judged to have arisen out of and in the course of his employment within the intendment of the Workmen's Compensation Act.

Courts generally have realistically regarded employees whose performance of duty required travel away from the employer's premises differently from other employees when considering whether an injury arose out of and in the course of employment. (1 A. Larson, The Law of Workmen's Compensation (1968), sec. 25.) This is illustrated in numerous holdings of this court, including *Ace Pest Control, Inc. v. Industrial Com., 32 Ill.2d 386, 388,* where we said: "The Workmen's Compensation Act was not intended to insure employees against all accidental injuries but only those which arise out of acts which the employee is instructed to perform by his employer; acts which he has a common law or statutory duty to perform while performing duties for his employer [citations]; or acts which the employee might be reasonably expected to perform incident to his assigned duties. [Citations.]" We affirmed an award to a traveling employee in *Ace,* who had departed from his normal route to render assistance to a stranded motorist, holding that the conduct was reasonable and foreseeable. In *U.S. Industries v. Industrial Com., 40 Ill.2d 469, 475,* citing *Ace Pest Control, Inc.,* we observed: "In the final analysis, the result depends upon the reasonableness of the specific conduct and whether it might normally be anticipated or foreseen by the employer ***."

The decedent at the time of his injuries was wearing a short-sleeved shirt and there were golf clubs and fishing equipment in his station wagon. We need not infer from this, as the employer urges, that the decedent was coming from a recreational activity at the time of the accident. The widow testified that her husband had been an avid fisherman, had fished shortly before leaving on this

business trip and had not removed the fishing gear from the station wagon. There is no other reference in the record to the golf clubs. Nothing in the record appears to show how the decedent customarily dressed when visiting customers, but certainly it cannot be said that his wearing a short-sleeved shirt in May showed that he was not engaged in making business calls on stores. But even if it were to be assumed that the decedent was returning from an activity such as golfing, and not from his appointment, we judge that under the circumstances that conduct would not have been unreasonable. It was Memorial Day, a legal holiday in Nebraska, as in this State. The decedent was away from home in the course of an extended sales trip in behalf of his employer. It would be obviously unreasonable and contrary to the intendment of the Workmen's Compensation Act and its purposes to say that a traveling employee has the protection of the Act only when in the physical act of performing selling or other duties and only in the course of a normal business day.

That the employer did not seek to restrict unreasonably the private activities of its traveling sales personnel and that it anticipated that on a business trip such personnel would engage in reasonable private conduct such as we have discussed was made clear by the testimony of Bernard Wexler. This witness, who is the sales manager of the employer, stated that the practice of sales personnel away from home on a holiday was "probably to get a good day's rest." When cross-examined this witness testified that a traveling employee was not told what he should or should not do on a holiday.

There are some similarities between the situation here and that in *U.S. Industries v. Industrial Com., 40 Ill.2d 469,* where we held that an employee's injuries did not arise out of his employment, but there also are distinctions.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*