BRENDA L. JOHNSON, Appellant, v. INDUSTRIAL COMMISSION *et al.* (Wittek Companies International, Appellee).

Third District   No. 3—95—0311WC

Opinion filed February 28, 1996.

David A. Hunt, of Goldfine & Bowles, P.C., of Peoria, for appellant.

John E. Mitchell, of Law Offices of John E. Mitchell, of Peoria, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Claimant, Brenda L. Johnson, appeals from the judgment of the circuit court of Knox County which confirmed the decision of the Illinois Industrial Commission (Commission) reversing the decision of the arbitrator awarding claimant benefits for temporary total disability and medical expenses from the respondent, Wittek Companies International (Wittek). Claimant appeals, contending that the decision of the Commission is contrary to existing law and the manifest weight of the evidence. We reverse and remand.

The testimony at the arbitration hearing disclosed the following evidence. Beginning in April of 1991, and at the time of her injury,

claimant worked as an administrative assistant at Wittek, working directly with vice-president Jay Hissig and Wittek chief executive officer Carmen Viana. Claimant had various duties, including customer relations, problem solving for customers, correspondence and attendance at various business meetings. Claimant was expected to travel as required by Wittek executives, especially Carmen Viana.

During July and August of 1991, claimant assisted Viana in planning a family vacation trip, arranging for passports, visas, flight arrangements and hotel accommodations for a vacation in Acapulco, Mexico.

There is a conflict in the evidence as to whether claimant was ordered to accompany Viana on this trip or whether she requested permission to take the trip. Claimant testified that Viana left for Mexico on July 31, 1991, and on that day in a conversation in Viana's office told claimant to pack her bag as she would be accompanying Viana and her party to Mexico. Claimant testified she told Viana that because of the heat in Mexico she did not wish to make the trip.

Carmen Viana testified that the trip was a pleasure trip for her and her family, but that she still keeps working on these kind of trips. Viana further testified that claimant asked to go on this trip.

Roxanne Ronk, a Wittek secretary, testified that she was present during the conversation on July 31, 1991, between Viana and the claimant in Viana's office. Ronk testified that she agreed to go to Mexico at the time claimant initially said no to the trip. Ronk testified that when she indicated her willingness to go on the trip claimant then said she wanted to go, too. Ronk testified that Viana did not ask claimant to go at that time.

Claimant and Ronk joined Viana and her family members in Mexico after arranging to ship to Mexico certain Wittek books, records, manuals and business equipment, including a computer and printer.

All expenses for Ronk and claimant were paid by Wittek. Upon arrival in Mexico, the business equipment and materials were set up by Ronk and claimant. Ronk testified that some Wittek boxes were never opened, some letters were never worked on, and she never saw claimant use her memogenda in Mexico. It appears from the record that a memogenda is a device that allows a person to list and categorize assignments.

Claimant testified that on August 2, 1991, she spent the whole day on work assignments given to her by Viana. She testified that these assignments were listed in her memogenda.

Claimant testified that Ronk made arrangements for a yacht trip on August 3, 1991, so that Viana's family members could watch the

cliff divers of Acapulco. Claimant testified that Viana was very insistent that claimant go on the yacht trip and that there was work leftover from the previous day. Claimant further testified that she went on the yacht from 9 a.m. to 3 or 4 p.m. on August 3, 1991, and that she and Viana discussed aspects of business while on the yacht.

Viana testified that she did not order or request that the plaintiff accompany her on the yacht. Viana stated that she did not invite claimant on the yacht because claimant did not like the sun. Viana further testified that absolutely no business was transacted on the yacht and that it was absolutely a pleasure trip. Ronk agreed in her testimony that no company business was conducted on the yacht.

Claimant testified that Viana's sons were roughhousing on the yacht. Viana's infant niece was on the top level of the yacht and claimant became concerned that the boys would knock the infant into the water and so she reached for the baby and in doing so fell off the yacht into the water. She testified that she felt like she had been crushed when she hit the water. She was helped back onto the yacht by Viana's sons and noticed that her legs were numb.

Claimant stated that she, Viana and Ronk left Acapulco and flew to Mexico City for three or four days for business. Respondent also stated that they conducted business in Mexico City. Claimant, Viana and Ronk returned to Chicago on August 12, 1991.

The evidence discloses that the claimant is an experienced gymnast and diver. It was also established that claimant was on full salary during the entire Mexican trip.

The arbitrator found that the trip was a dual purpose trip for Wittek and also that claimant was persuaded to go to Mexico by Viana for business purposes. The arbitrator determined that claimant's injury on the yacht arose out of and in the course of her employment. The Commission reversed the arbitrator's findings, with one commissioner dissenting, and found the yacht trip to be a recreational outing with no business purpose and thus claimant's injuries on the yacht did not arise out of or in the course of her employment. The circuit court of Knox County confirmed the Commission's decision.

■ Claimant contends that the Commission's decision that her injuries did not arise out of or in the course of her employment is against the manifest weight of the evidence. Claimant has the burden of proving by a preponderance of the credible evidence that the injury arose out of and in the course of her employment, and proof that claimant would not have been at the place where the injury occurred but for her employment is not alone sufficient. (*Bailey v. Industrial Comm'n* (1993), 247 Ill. App. 3d 204, 209.) The determination of whether an injury arose out of and in the course of claimant's employ-

ment is generally a question of fact for the Commission, and the Commission's determination thereof will not be set aside unless it is contrary to the manifest weight of the evidence. (*Hansel & Gretel Day Care Center v. Industrial Comm'n* (1991), 215 Ill. App. 3d 284, 292-93.) In resolving questions of fact, it is within the province of the Commission to assess the credibility of witnesses, resolve conflicts in the evidence, assign weight to be accorded the evidence and draw reasonable inferences from the evidence. (*Kirkwood v. Industrial Comm'n* (1981), 84 Ill. 2d 14, 20.) It is only when the decision of the Commission is against the manifest weight of the evidence that the decision of the Commission should be set aside. (*Dexheimer v. Industrial Comm'n* (1990), 202 Ill. App. 3d 437, 442.) The Commission's decision is against the manifest weight of the evidence only where an opposite conclusion is clearly evident. (*Caterpillar, Inc. v. Industrial Comm'n* (1992), 228 Ill. App. 3d 288, 291.) The test is not whether this or any other tribunal might reach the opposite conclusion, but whether there was sufficient factual evidence in the record to support the Commission's decision. *Boatman v. Industrial Comm'n* (1993), 256 Ill. App. 3d 1070, 1071.

■ Generally, whether an incident arose out of and in the course of employment depends first upon the purpose of the trip taken. (*Bradley Printing Co. v. Industrial Comm'n* (1989), 187 Ill. App. 3d 98, 103.) In the present case, the Commission found that the trip to Mexico was a combination of business and pleasure. It found that the trip to Mexico can be divided into two parts; the trip to Acapulco and the trip to Mexico City. It stated that the portion of the trip to Acapulco was a vacation, not a business trip.

We believe that the Commission's finding that the trip to Acapulco was strictly a vacation is against the manifest weight of the evidence. (See *Bradley Printing Co.*, 187 Ill. App. 3d 98.) When a trip serves both business and personal purposes, it is personal if the trip would have been made even absent the business trip purpose but would not have been made absent the personal purpose. (*Bradley*, 187 Ill. App. 3d at 99.) We do not see the trip to Mexico as two distinct trips, one for pleasure and one for business.

Viana admitted that the claimant conducted business while in Acapulco and that she paid claimant as her administrative assistant while in Acapulco. Claimant testified that on August 2, 1991, she spent the whole day on work assignments given to her by Viana. Claimant then went to dinner with Viana that night, which respondent paid for. It would be naive to argue that an all-expense-paid trip to Mexico did not have some attraction to claimant. But the legal question is whether she would have gone even had there been no business purpose. The evidence shows that she would not.

■ The present case involves the situation of a traveling employee. (See *Hoffman v. Industrial Comm'n* (1984), 128 Ill. App. 3d 290.) Injuries to employees whose duties require them to travel away from home are not governed by the rules applicable to other employees. (*Howell Tractor & Equipment Co. v. Industrial Comm'n* (1980), 78 Ill. 2d 567.) Under the standard pronounced in *Ace Pest Control, Inc. v. Industrial Comm'n* (1965), 32 Ill. 2d 386, the test for determining whether an injury to a traveling employee arose out of and in the course of her employment is the reasonableness of the conduct in which the employee was engaged at the time of the injury and whether it might normally be anticipated or foreseen by the employer; the key factors of this test are "reasonableness" and "foreseeability." *Wright v. Industrial Comm'n* (1975), 62 Ill. 2d 65, 69-70.

A traveling employee may be compensated for injuries sustained while engaged in recreational activities as long as those activities were reasonable and foreseeable. (*Bailey v. Industrial Comm'n* (1993), 247 Ill. App. 3d 204, 208-09; *David Wexler & Co. v. Industrial Comm'n* (1972) 52 Ill. 2d 506.) Our supreme court held in *Wright* that "[i]t is expected that an employee working out of town will seek some type of recreational activity on his days of rest." *Wright*, 62 Ill. 2d at 71.

■ In the present case, it was obviously reasonable and foreseeable that the claimant went on the yacht since Viana knew she was there and did not object. We also believe that her conduct which led up to her accidental injury was reasonable and foreseeable under *Ace Pest*.

In *Ace Pest*, the claimant was employed as a termite control operator in and around Peoria. He was frequently assigned to drive the employer's truck to outlying towns to make service calls. On December 8, 1962, the claimant completed an assignment in Bloomington and started driving back toward Peoria. At about 5 p.m., he came upon an automobile parked by the side of the highway. He stopped to offer assistance and discovered that the automobile had run out of gasoline. The claimant agreed to drive the occupants of the disabled automobile to their home, which was about two miles away, to retrieve a can of gasoline. After retrieving the can of gasoline, the claimant and the occupants returned to the immobilized automobile. The claimant got out of his vehicle, and, while walking around his vehicle to remove the can of gasoline, he was struck and killed by a passing automobile. The court held that the activities of the claimant that led to his death were such as might have been reasonably expected or foreseen by his employer. *Ace Pest*, 32 Ill. 2d at 388-89.

In the present case, claimant testified that, while on the yacht, she was concerned that Viana's sons, whom she claimed were rough-housing, would knock the infant into the water, so she reached for the baby and in doing so fell off the yacht into the water and injured herself. Just as the employer in *Ace Pest* would reasonably expect and foresee that the claimant would help the disabled motorists, we believe that respondent in the present case would reasonably expect and foresee that claimant would attempt to prevent Viana's sons from knocking the infant into the water. Therefore, claimant's accidental injury arose out of and in the course of her employment.

For the foregoing reasons, the judgment of the circuit court of Knox County is reversed and we remand this cause to the Commission for further proceedings.

Reversed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, HOLDRIDGE, and RARICK, JJ., concur.