May 26, 1999

No. 2-98-1003WC

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

 SECOND DISTRICT

 Industrial Commission Division

COMPLETE VENDING SERVICES, INC., )  Appeal from the Circuit

 )  Court of Kane County

Appellant, ) 

)

 )  No. 97MR429

) 

THE INDUSTRIAL COMMISSION 
et
 
al
. )  Honorable

)  Patrick J. Dixon,

(John Thompson, Appellee). )  Judge, Presiding

 ) 

JUSTICE RARICK delivered the opinion of the court:

Claimant, John Thompson, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 
et
 
seq
. (West 1996)) for injuries sustained on July 9, 1996, while in the employ of Complete Vending Services, Inc. (employer).  The arbitrator awarded claimant medical and temporary total disability benefits after finding the accident arose out of and in the course of claimant's employment.  The arbitrator further awarded penalties pursuant to section 19(l) of the Act (820 ILCS 305/19(l) West 1996)).  On appeal, the Industrial Commission (Commission) affirmed the decision of the arbitrator, and the circuit court of Kane County confirmed the decision of the Commission.  Employer appeals both the decision in favor of claimant and the award of penalties.  Claimant requests an additional award of penalties pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) for employer's pursuit of a frivolous appeal.  We affirm in part and reverse in part.

At the time of the accident involved here claimant had worked for employer almost 20 years, the last 5 of which were as a service technician.  As a service technician, claimant was on call 24 hours a day, 7 days a week, 365 days of the year to repair employer's vending machines in his designated service area.  His normal working hours were 8:30 a.m. to 5 p.m., and his duties involved repairing vending machines and rebuilding equipment in one of employer's shops when not out on service calls.  Claimant drove a company vehicle to and from work and for all service calls.  Employer purchased the van and provided the license plates and insurance for the vehicle.  Gas for the van was paid for with employer's credit card.  Claimant was not permitted to drive the company van for any personal uses, and, in fact, mileage to and from his home was added to his W2 Wage and Tax Statement at the end of the year.  

The night before the accident, claimant was contacted by employer's answering service informing him that Central Du Page Hospital had a machine down and wanted it fixed.  Claimant called the contact person at the hospital, and it was then decided he could wait until first thing in the morning to repair the machine.  The next morning, July 9, 1996, claimant left home at approximately 8:15 a.m.  His intention was to stop in at the office on the way to Du Page Hospital to tell them where he was going and to see if any other service calls had come in that he could make while out.  The office was directly on the route to the hospital.  Claimant was approximately two miles from his home when the accident occurred.  Claimant lives approximately five and a half miles from employer's office.  Claimant testified he looked down to grab a cup of coffee he had brought from home when he rear-ended a garbage truck.  Claimant sustained a significant laceration to his forehead, which required plastic surgery, and a right ankle fracture with dislocation, which required an open reduction with internal fixation to repair the damage.  At the time of the arbitration hearing in December, claimant still had hardware in his foot, as he had yet to experience a union of the fracture site and had not been released to return to work.  Employer initially paid claimant five weeks of wages and then stopped all payments.

The determination of whether an injury arose out of and in the course of a claimant's employment is a question of fact, and the Commission's resolution on such issue will not be disturbed unless it is against the manifest weight of the evidence.  
Beattie v. Industrial Comm'n
, 276 Ill. App. 3d 446, 449, 657 N.E.2d 1196, 1199 (1995); 
Bradley Printing Co. v. Industrial Comm'n
, 187 Ill. App. 3d 98, 103, 543 N.E.2d 116, 119 (1989).  A decision is against the manifest weight of the evidence only where an opposite conclusion is clearly evident.  
Caterpillar, Inc. v. Industrial Comm'n
, 228 Ill. App. 3d 288, 291, 591 N.E.2d 894, 896 (1992).  We cannot say an opposite conclusion is clearly apparent in this instance.

Generally, an accident occurring while an employee is traveling to or from work is not considered as arising out of or in the course of employment.  
Martinez v. Industrial Comm'n
, 242 Ill. App. 3d 981, 985, 611 N.E.2d 545, 548 (1993); 
Bradley Printing
, 187 Ill. App. 3d at 103, 543 N.E.2d at 118; 
Hall v. DeFalco
, 178 Ill. App. 3d 408, 413, 533 N.E.2d 448, 452 (1988).  The rationale underlying the rule is that the employee's trip to and from work is the result of the employee's decision about where to live, which is a matter of no concern to the employer.  
Martinez
, 242 Ill. App. 3d at 985, 611 N.E.2d at 548.  There are, however, several exceptions to the rule.  One such exception pertains to the traveling employee  (
Bradley Printing
, 187 Ill. App. 3d at 103, 543 N.E.2d at 118), where travel is necessitated by the employment, as in the case of a traveling salesman driving to or from sales calls
 (
Millen v. Industrial Comm'n
, 124 Ill. App. 3d 321, 324, 464 N.E.2d 289, 291 (1984)).  Another exception to the rule exists when an employer provides a means of transportation to or from work for employer's own benefit.  
See 
Stevenson Olds Sales & Service v. Industrial Comm'n
, 140 Ill. App. 3d 703, 705, 489 N.E.2d 328, 330 (1986).  In this instance, claimant's employment has elements falling under both of these exceptions.  Accordingly, it was reasonable for the Commission to conclude claimant's injuries stemming from the accident of July 9 arose out of and in the course of his employment.  As a service technician, claimant was on call 24 hours a day, 7 days a week, 365 days of the year.  Employer provided him with a company-owned vehicle with company license plates and insurance.  Even gas was paid for by employer.  Claimant was not allowed to drive the vehicle for personal uses, and, in fact, when not on service calls, was "charged" for the mileage to and from his home.  He was, however, compensated an additional $25 per service call outside his normal working hours.  The night before the accident, claimant was contacted via employer's answering service that he was needed to service a machine.  After a call to the customer, it was determined claimant could wait until morning to make the needed repairs.  Claimant left his residence the next morning with the intention of making the service call.  He testified he had decided to stop in at the office first, which was directly on the way to the service call, to inform them of his whereabouts and to check to see if any other calls for service had come in which he could make while out on this particular call.  As the arbitrator specifically noted, employer obviously was gaining a benefit in having claimant stop at employer's office before making the service call.  Clearly claimant was not operating or acting outside the course of his employment at the time of the accident.  Given all of the circumstances presented--employer providing the transportation and claimant acting pursuant to his job requirements and for the benefit of employer--we cannot say the Commission erred in finding compensability.

With respect to the issue of penalties, generally penalties will not be imposed when the employer reasonably and in good faith could have believed that the employee was not entitled to compensation.  
General Refractories v. Industrial Comm'n
, 255 Ill. App. 3d 925, 931, 627 N.E.2d 1270, 1275 (1994); 
Miller v. Industrial Comm'n
, 255 Ill. App. 3d 974, 979, 627 N.E.2d 676, 680 (1993).  In this instance, the arbitrator awarded penalties after finding that employer's argument, based on the mere fact that claimant had to "reimburse" employer for his travel to and from work, was irrelevant to a determination of whether claimant met one of the exceptions for compensability.  Claimant also contends employer has no valid argument either before the arbitrator and Commission or on appeal.  Yet, one commissioner did agree with employer's arguments and concluded claimant was injured on his own personal time while traveling to work.  The dissenting commissioner believed claimant's commute to the office the morning of the accident was no different from any other employee's commute to work or, for that matter, claimant's regular commute to work.  The service request the night before obviously was not an emergency call, as claimant decided to handle the request the next day in his normal course of work activities.  Claimant encountered the same risks as usual, risks which were no greater than those encountered by the general public each day traveling to and from work.  Accordingly, the dissenting commissioner concluded claimant was not a traveling employee at the time of the accident.  The nonpayment of disability benefits was therefore reasonable, as there was a valid dispute as to whether claimant's accident arose out of and in the course of his employment.  Because penalties are not intended to inhibit contests of liability made in good faith and because the facts presented are somewhat unique, we conclude the imposition of penalties was inappropriate in this instance.  And, given the fact that one commissioner dissented, it also is unreasonable to impose penalties upon employer for bringing this allegedly frivolous appeal.  

For the aforementioned reasons, the decision of the circuit court of Kane County confirming the decision of the Industrial Commission pertaining to the issue of compensability and the award of benefits is affirmed.  We reverse, however, the imposition of penalties.

Affirmed in part and reversed in part.
 

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.

Supplemental Special Concurrence Upon Denial of Rehearing

JUSTICE RAKOWSKI, specially concurring:

I agree that claimant's injury arose out of and in the course of his employment.  I write separately because I respectfully disagree with the rationale employed in the majority opinion.

The majority correctly states the general rule that an accident occurring while an employee is traveling to or from work is not considered to be in the course of employment.  This is true whether the employee is driving his own car or a vehicle provided by employer.  The mere fact that an employee is driving a company vehicle does not in and of itself put an employee in the course of employment.  However, there is authority that where an employer agrees to furnish transportation to and from work, the employee is considered to be in the course of employment.  
Sjostrom v. Sproule
, 
33 Ill. 2d 40, 210 N.E.2d 209 (1965) (employee was paid six cents per mile to drive himself and co-employee to temporary jobsite).  In the instant case, however, claimant was not given a mileage allowance and was in fact "charged" for mileage to and from his home.  Thus, it is clear from the record that there was no agreement for employer to provide transportation to and from employee's home.

The majority next correctly states exceptions to the general rule, including traveling employees and where an employer provides transportation to and from work for the employer's own benefit.  Again, I agree.  However, the opinion then concludes that because the instant case "has elements falling under both of these exceptions," claimant's injury arose in the course of employment.  Slip op. at 4.  I disagree.  

In order for an employee to be in the course of employment, his activity must constitute an exception to the general rule -- not part of an exception or some elements of an exception, but all of the elements of the exception.  The majority does not cite any authority stating that employees who meet a part of, but not all of, two or more exceptions are in the course of employment.  Nor can I find any such authority.

Next, I disagree that claimant is a traveling employee.  A traveling employee is an employee "whose duties require [him or her] to travel away from [his or her] employer's premises."  
Wright v. Industrial Comm'n
, 62 Ill. 2d 65, 68, 338 N.E.2d 379, 381 (1975).  "Injuries to employees whose duties require them to travel away from home are not governed by the rules applicable to other employees."  
Howell Tractor & Equipment Co. v. Industrial Comm'n
, 78 Ill. 2d 567, 573, 403 N.E.2d. 215, 218 (1980); 
Johnson v. Industrial Comm'n
, 278 Ill. App. 3d 59, 64, 662 N.E.2d. 156, 160 (1996); 
Bailey v. Industrial Comm'n
, 247 Ill. App. 3d 204, 208, 617 N.E.2d 305, 308 (1993).  See 
Wright
, 62 Ill. 2d at 69, 338 N.E.2d at 381; 
David Wexler & Co. v. Industrial Comm'n
, 52 Ill. 2d 506, 510, 288 N.E.2d 420, 421 (1972); 
Ace Pest Control, Inc. v. Industrial Comm'n
, 32 Ill. 2d 386, 388-89, 205 N.E.2d 453, 455 (1965); 
Chicago Bridge & Iron, Inc. v. Industrial Comm'n
, 248 Ill. App. 3d 687, 694, 618 N.E.2d 1143, 1148 (1993).  This exception stems from the fact that employees whose employment dictates that they travel away from home are subject to certain risks created by such travel and being away from home.  The rule originated in resident employee cases and was then applied to employees who were required to travel and stay in lodgings.  It was first applied to risks incident to staying in a hotel or motel and risks incident to eating meals.  Such activities were found to be incidental to the conduct of business.  2 A. Larson & L. Larson, Workers' Compensation Law §25.21(a) (1998).  The rule was then extended to bathing and dressing activities (2 A. Larson & L. Larson, Workers' Compensation Law §25.22 (1998)), U.S.O. entertainers (2 A. Larson & L. Larson, Workers' Compensation Law §25.23(a) (1998)), travel abroad in risky countries (2 A. Larson & L. Larson, Workers' Compensation Law §25.23(b) (1998)), and then to all travel (2 A. Larson & L. Larson, Workers' Compensation Law §25.23(c) (1998)).  The rule has also been applied to include recreational activities while traveling since employees can reasonably be expected to partake in recreational activities on their day off.  See 
Bagcraft Corp. v. Industrial Comm'n
, 302 Ill. App. 3d 334, 705 N.E.2d. 919 (1998).  Under a traveling employee analysis, determination of whether an injury arose out of and in the course of the employee's employment depends on the reasonableness of the employee's conduct at the time of the injury and whether the employer could anticipate or foresee the employee's conduct or activity.  
Johnson
, 278 Ill. App. 3d at 64, 662 N.E.2d at 160; 
Bailey
, 247 Ill. App. 3d at 208, 617 N.E.2d at 308.  See also 
Howell Tractor & Equipment Co.
, 78 Ill. 2d at 573, 403 N.E.2d at 218; 
Wright
, 62 Ill. 2d at 70, 338 N.E.2d at 381-82; 
David Wexler & Co.
, 52 Ill. 2d at 510, 288 N.E.2d at 422; 
Ace Pest Control
, 32 Ill. 2d at 388-89, 205 N.E.2d at 455; 
Chicago Bridge & Iron, Inc.
, 248 Ill. App. 3d at 694, 618 N.E.2d at 1148.  Thus, an employee traveling away from home may be considered in the course of employment, not just while working, but 24 hours a day so long as his activities are reasonable and foreseeable.

In the instant case, claimant was en route to a service call at Central Du Page Hospital located a few miles from his house.  I respectfully submit that claimant was not a traveling employee and that this case has nothing to do with the traveling employee doctrine.

Finally, I find it unnecessary to address whether allowing claimant to drive the truck home was a benefit to employer.  Unlike 
Stevenson Olds Sales & Service v. Industrial Comm'n
, 140 Ill. App. 3d 703, 489 N.E.2d 328 (1986), where employee was killed on his way home from his regular workplace, claimant in the instant case was en route to Central Du Page Hospital for a service call.  The fact that he decided to stop at the shop to check to see if there were other service calls he could make while on this particular call does not in any way change this fact.  As the majority opinion points out, claimant's decision to stop at the shop conferred a benefit to employer.

The fact question before the Commission was whether claimant was on his way to Central Du Page Hospital and decided to stop at the shop or whether his intention was to drive to work as usual and then go to the hospital.  Although such a distinction may seem insignificant in the usual course of events, in this particular instance, it determines whether claimant was in the course of employment at the time of the accident.  I agree with the majority that the Commission's decision is not against the manifest weight of the evidence.